■ In the Matter of the Claim of ELSIE FISHER, Respondent, against NATIONAL BISCUIT COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of death benefits made by the Workmen's Compensation Board to the widow of a deceased workman. Decedent died from the effects of a subarachnoid hemorrhage in the brain. He had a very high blood pressure, and suffered from hypertension and arteriosclerosis. At the time of his death he was employed as a mechanic, and had been so employed for many years. On the day of his seizure he was assigned to repair a machine, and in the course of this work he had to assume a kneeling position for the work had to be done close to the floor. While so engaged he had a seizure and was found unconscious. Taken to a hospital he died a few

hours later. A physician called for the claimant gave his opinion that decedent's work and his position caused a rise in his already high blood pressure and this in turn caused the brain hemorrhage. A physician called for appellant testified that in his opinion decedent's work had nothing to do with the seizure, but he conceded that the higher the blood pressure the less decedent's brain vessels would stand without rupture. We see nothing in the record that calls for interference as a matter of law. The issue of causal relation was factual and there was substantial evidence to sustain the finding of the board. The employer took the decedent as he was, and while the strain of working in a kneeling position probably would not have affected a normal man that test cannot be logically imposed where it is clear that decedent was not normal. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.